***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Holmes. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Holmes with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer at all relevant times, including July 26, 1999; January 25, 2001; February 6, 2002; and May 9, 2002.
3. That defendant-employer provided its employees with workers' compensation insurance coverage through Key Risk Management Services.
4. That plaintiff was employed at an average weekly wage of Three Hundred Thirty-five and 35/100 ($335.35) on or about July 26, 1999, and that plaintiff was employed by employer at an average weekly wage of Three Hundred Sixty-eight and 46/100 Dollars ($368.46) on or about February 6, 2002.
5. That plaintiff was out of work from February 7, 2001 through September 6, 2001 as a result of the injury by accident and/or occupational disease that is the subject of I.C. File No. 004284 and that plaintiff was out of work from March 27, 2002 through April 21, 2002 as a result of the injury by accident and/or occupational disease that is the subject of I.C. File No. 209645.
6. That plaintiff is still employed by defendant-employer and that she has received temporary total disability benefits in a total amount of Three Thousand Four Hundred Seventeen and 58/100 Dollars ($3,417.58) for the period from February 7, 2001 through September 6, 2001 as a result of her July 26, 1999 injury by accident and/or occupational disease and in a total amount of Nine Hundred Twelve and 31/100 Dollars ($912.31) for the period March 27, 2002 through April 21, 2002 as a result of the February 6, 2002 injury by accident and/or occupational disease.
7. The issues in this case concern:
a. Whether plaintiff sustained a compensable injury by accident and/or occupational disease arising out of and in the course of her employment with defendant employer on or about May 9, 2002;
b. Whether plaintiff sustained a compensable injury by accident and/or occupational disease arising out of and in the course of her employment with defendant employer on or about January 25, 2001;
c. Whether plaintiff is entitled to additional temporary total disability benefits as a result of the injury by accident and/or occupational disease sustained on or about February 6, 2002, wherein defendants paid some compensation without prejudice and later denied said claim.
d. Whether plaintiff is entitled to permanent partial disability benefits for any ratings assigned by her physicians once she has reached maximum medical improvement; and
e. Whether plaintiff is entitled to additional medical treatment of the injuries by accident and/or occupational diseases sustained on or about July 26, 1999; January 25, 2001; February 6, 2002; and May 9, 2002.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was a forty-one (41) year-old female who had been employed by defendant-employer as a housekeeper for approximately six (6) years.
2. On or about July 26, 1999, plaintiff sustained a compensable injury by accident arising out of and in the course of her employment with defendant-employer when she tripped and fell on some steps causing injury to her right elbow.
3. Plaintiff was treated by Dr. S. Lamont Wooten. Said treatment included right lateral epicondyle release surgery and plaintiff was assigned a two percent (2%) permanent partial disability rating by Dr. Wooten.
4. Plaintiff was seen by Dr. Gilbert G. Whitmer at Carolina Regional Orthopaedics and received a ten percent (10%) rating to her right upper extremity.
5. Prior to the July 26, 1999 injury, plaintiff was treated by Dr. Lamont Wooten in 1991 for left thumb tendonitis. She was diagnosed in January, 1994 with bilateral carpal tunnel syndrome, prior to her beginning work with defendant-employer. Surgery was scheduled, but was postponed, because of plaintiff's high blood sugar, and was never performed.
6. Plaintiff continues to work for the defendant-employer without restrictions.
7. Plaintiff claims that her employment as a housekeeper with defendant-employer has aggravated her carpal tunnel syndrome and that problems with her upper extremities were caused by her job.
8. Plaintiff has been evaluated and treated primarily by Dr. Lamont Wooten and Dr. Marian Swinker.
9. Dr. Wooten is board certified in orthopaedic surgery and Dr. Swinker is accepted as an expert in occupational medicine.
10. According to Dr. Swinker, Ms. Randolph had several recognized risk factors for carpal tunnel syndrome, including obesity, hypertension, insulin dependent diabetes and hypercholesterolemia.
11. Dr. Swinker has treated Ms. Randolph for years and is familiar with her medical conditions. Dr. Swinker is also familiar with Ms. Randolph's work duties. Dr. Swinker routinely received the medical records of Dr. Wooten from his treatment and examinations of Ms. Randolph.
12. Dr. Swinker stated in her opinion as an expert in occupational medicine that Ms. Randolph's carpal tunnel syndrome predated her employment with defendant-employer, had not progressed since working for defendant-employer electro diagnostically, that no objective evidence showed any worsening of this condition and finally that there was no evidence showing any link between Ms. Randolph's carpal tunnel syndrome and her employment with defendant-employer.
13. Dr. Swinker stated that based on the videos of Ms. Randolph performing her duties, also on other people she has evaluated and other videotapes, she would not rate the job of housekeeper very high on a list of jobs likely to cause problems with a person's hands.
14. Dr. Swinker stated in her opinion nothing was shown in the videos of Ms. Randolph performing her duties that could cause an aggravation to Ms. Randolph's CTS.
15. Plaintiff has also been diagnosed with right and left epicondylitis of her upper extremities and claims this condition was caused by her work duties.
16. Dr. Swinker's testimony is given greater weight due to her training and experience in the field of occupational medicine, as well as her greater awareness of plaintiff's job duties.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. As a result of plaintiff's accepted claim in I.C. No. 004284, she has sustained a Permanent Partial Disability of 6% of her right arm. N.C. Gen. Stat. § 97-31.
2. Plaintiff has failed to prove by the greater weight of the evidence, that her carpal tunnel syndrome was aggravated by her work or that any problems with her arms, not including permanent partial disability rating in the above paragraph, are the results of her work. She is due no further temporary total disability compensation or payment for further medical treatment in the additional claims that have been consolidated with her July 26, 1999 injury (I.C. No. 004284). N.C. Gen. Stat. § 97-53(13).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. The defendants shall pay to plaintiff Permanent Partial Disability compensation for a 6% impairment to her right arm pursuant to N.C. Gen. Stat. § 97-31. This amount shall be paid to plaintiff in a lump sum, less 25% that shall be paid directly to plaintiff's attorney as his approved fee. Said sum is for her July 26, 1999 injury based on a stipulated average weekly wage of $335.35.
2. Defendants shall pay the costs, including an expert witness fee of $375.00 to Dr. Lamont Wooten and $250.00 to Dr. Marian Swinker.
This the ___ day of April, 2004.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
DISSENTING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER